NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GABRIEL FERNANDO-PULIDO, AKA
Luis Gerardo Diaz Ortiz,

        Petitioner,

v.

WILLIAM P. BARR, Attorney General,

        Respondent.

No.   17-70259

Agency No. A096-549-910

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2020**
Pasadena, California

Before: BERZON, R. NELSON, and LEE, Circuit Judges.

Gabriel Fernando-Pulido petitions for review of the Board of Immigration

Appeals' decision to affirm the denial of asylum, withholding of removal, and

relief under the Convention Against Torture (CAT). We review such denials for

substantial evidence and will only reverse if the evidence "compels" a contrary

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

result. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016); *Parussimova v. Mukasey*, 555 F.3d 734, 738–39 (9th Cir. 2009). We deny the petition.

1. Substantial evidence supports the BIA's determination that there was no nexus between Fernando-Pulido's feared harm and his kinship ties, which is required for asylum and withholding of removal claims. *See Guo v. Sessions*, 897 F.3d 1208, 1213 (9th Cir. 2018). While Fernando-Pulido's family members have apparently suffered a series of tragic events, they do not appear to be related to each other. Nor do they suggest that Fernando-Pulido himself may face persecution based on these kinship ties.

Fernando-Pulido alleges that his grandmother was murdered, but he admits that he does not know why she was killed. Fernando-Pulido also states that his aunt was kidnapped, but his testimony conflicts with his aunt's testimony about who carried out the kidnapping. Finally, Fernando-Pulido himself admitted to the BIA that there was no indication that the man who threatened his brother had any connection with the other men who allegedly harmed his family.

2. Substantial evidence also supports the denial of CAT relief. To qualify for CAT relief, an alien must establish a likelihood of torture if removed to the proposed country of removal. *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011). Torture requires the harm to be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official

capacity." 8 C.F.R. § 1208.18(a)(1). There is little evidence in the record that the men who murdered Pulido's grandmother were related to the government. Indeed, Fernando-Pulido himself admits that he does not have any proof of that beyond his testimony, which is based on secondhand information from his mother and aunt.

**PETITION FOR REVIEW DENIED**